Sidney JENKINS, Plaintiff—Appellant,

v.

Tim BRADSHAW; et al., Defendants—Appellees.

No. 02–35055.

D.C. No. CV–00–01788–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 20, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Sidney Jenkins, a Washington state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging, *inter alia,* that the defendants violated his constitutional rights by failing to protect him during his murder trial from attack by the victim's brother. We review de novo, *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

The district court properly granted summary judgment because Jenkins failed to raise a genuine issue of material fact concerning whether the defendants acted with deliberate indifference when they released the victim's brother after his initial attack on Jenkins. *See Redman v. County of San Diego,* 942 F.2d 1435, 1442 (9th Cir. 1991) (en banc) (holding that "deliberate indifference" is the level of culpability pretrial detainees must establish to maintain a failure to protect claim under the Fourteenth Amendment); *see also Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (stating that deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety").

The district court did not abuse its discretion by denying Jenkins' motion to compel discovery. *See Doe v. Unocal Corp.,* 248 F.3d 915, 920 (9th Cir.2001) (per curiam).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Jenkins's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.